JAMES S. LIBBY vs. CHARLES M. BRAINARD and trustee.

*Nature of contingent interest which is not trusteeable.*

Brainard sold to a company, composed of himself and two others, certain property, the disposition and proceeds of which were committed to one member of the firm in trust, to apply the moneys thence arising toward the payment of certain debts of Brainard, and, (if any surplus remained,) the residue was to entitle him to a proportionate interest in the capital stock of the company; *held*, that his interest in the property by him conveyed, and its avails, was contingent and, therefore, not liable (under R. S., c. 86, § 55) to attachment by trustee process.

ON REPORT.

Immediately after the great fire of 1866 in Portland, Charles M. Brainard commenced the marble and stone business there and continued it alone, by the aid of Sumner Adams and Thomas H. Weston till the fall of 1868, when, finding himself lacking in capital, it was proposed by him that Mr. Weston should join him and one Winslow Baker, the copartnership to carry on the marble and freestone business in Portland. Mr. Weston advised the formation of a corporation, under the general laws of the State, agreeing to take stock in it. This was never actually done but, in preparing to do it, Mr. Weston did some things which, as matter of law, made him a partner, to a certain extent, with these other gentlemen, though such was not his intention, nor his understanding of his acts. Their association was called the Portland Marble and Freestone Company, and a building and machinery were purchased to extend its operations, which were conveyed to Winslow Baker,

as agent of the concern, and other preparations were made, chiefly by Baker, as agent. Upon the seventeenth day of October, 1868, in pursuance of a previous agreement to do so, Brainard sold and conveyed to this company all the property theretofore used by him in carrying on his business, with an agreement that the company should manufacture and sell the same and apply the proceeds, above the costs of manufacturing, first in payment of notes for $6000 to Mr. Adams; then, of Mr. Weston's account against Brainard; and, third, "for the balance of said proceeds the said company agrees to issue an equal amount of the stock of said company to said Brainard." This statement was incorporated into the bill of sale given by Brainard to the company, and a separate agreement was delivered him, setting forth, in similar manner, the mode of ascertaining the extent of Mr. Brainard's interest in the firm by determining the proportion which the excess of the proceeds of his property aforesaid, above his debts specified, should be found to bear to the whole assets of the firm.

In November or December, 1868, Brainard removed to New York, and Mr. Baker removed to Minnesota the next spring, so nothing was ever done by said company toward carrying on the business as contemplated by them October 17, 1868. The sums received for the property conveyed by Brainard to the company were insufficient to pay the notes to Adams and Mr. Weston's account. Mr. Weston was summoned in this action as the alleged trustee of Brainard.

*S. C. Strout & H. W. Gage*, for the plaintiff.

As the contemplated business arrangement of October 17, 1868, was never carried out, the bill of sale of that date failed of effect, and the property remained that of Brainard. As Weston is trustee of chattels, not of money, he cannot deduct his own claims. R. S., c. 86, §§ 4, 15.

*J. H. Drummond*, for the trustee.

A partnership was formed October 17, 1868. A building and machinery were afterwards purchased by the firm for their busi-

ness. Whether they prosecuted their undertaking or not is immaterial. After the delivery of the bill of sale of October 17, 1868, and of the property it conveyed, Brainard never had any individual interest in the chattels ; only a possible contingent interest in the proceeds of sale.

DANFORTH, J. Whether the trustee in this case is to be charged or discharged, must depend upon the validity and construction of the written agreement entered into October 17, 1868, between the Portland Marble and Freestone Company and Charles M. Brainard, the principal defendant. That company·was not incorporated, but a mere partnership, and at the date of the agreement referred to, existed by virtue of a contract between the members thereof and had not only made preparation for, but actually entered upon, the business contemplated by that agreement. The partnership was then competent to purchase such property as they might need in the prosecution of their business. The property which the plaintiff claims to have attached was of that kind, and was conveyed to them by the principal defendant as his part of the agreement referred to, before the attachment. This conveyance was absolute and unconditional. By it the property passed, and the only interest left in the vendor, aside from that which he might have as a member of the company, was not a title to the property itself, but a mere contingent interest in the proceeds, not liable to attachment in a trustee process. Whether the company subsequently failed to carry out its contemplated projects is immaterial. The conveyance of the title must depend upon the state of things existing at the time of the sale. If the partnership is subsequently dissolved for any reason whatever, its title to property is not thereby affected.

Nor does the disclosure or testimony reveal any such want or failure of consideration as to affect the title. There is no provision whatever in the writing that the title shall remain in the vendor until the accomplishment of the agreement by the vendees, nor for a reversion in case of failure to perform. The vendees can

fulfil only by having an absolute title. The covenants are not mutually dependent but independent, and the consideration obtained is just what was contemplated by the agreement, viz : a payment of the notes therein enumerated, with the debt to Weston and Company, at least so far as the proceeds may go, and if there should be any balance or interest in the company to that extent. This interest, if any, may be larger in the liabilities than in the assets, but this is a contingency assumed at the time of the sale, and one which may cause loss to creditors as well as to the debtor                                                       *Trustee discharged.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.